MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EDUARDO CRUZ and  RIGOBERTO
SEBASTIAN, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs,* | **COMPLAINT** |
|  | |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| RELAY DELIVERY, INC. (d/b/a RELAY), | **ECF Case** |
| ALEX BLUM, and MICHAEL CHEVETT, | |
|  | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Eduardo Cruz and Rigoberto Sebastian, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Relay Delivery, Inc. (d/b/a Relay) ("Defendant Corporation"), Alex Blum and Michael Chevett, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are former and current employees of defendants Relay Delivery, Inc. (d/b/a Relay), Alex Blum and Michael Chevett (collectively "Defendants").

2.      Defendants own, operate, or control an on-demand delivery company located at 440 Park Avenue South 14th Floor New York, NY 10016, under the name "Relay".

3.     Upon information and belief, individual defendants Alex Blum and Michael Chevett serve or served as owners, managers, principals, or agents of Defendant Corporation

and, through this corporate entity, operate or operated the on-demand delivery company as a joint or unified enterprise.

4.     Plaintiffs have been primarily employed by Defendants as delivery couriers.

5.     At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours a week, without the appropriate minimum wage and overtime compensation for the hours that they worked.

6.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.     At all relevant times, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

9.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage

orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims have occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an on-demand delivery company located in this district.  Further, Plaintiffs have been employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

15.     Plaintiff Eduardo Cruz ("Plaintiff Cruz" or "Mr. Cruz") is an adult individual residing in Queens County, New York. Plaintiff Cruz has been employed by Defendants from approximately August 20, 2016 until the present date.

16.     Plaintiff Rigoberto Sebastian ("Plaintiff Sebastian" or "Mr. Sebastian") is an adult individual residing in Queens County, New York. Plaintiff Sebastian was employed by Defendants from approximately January 18, 2016 until on or about September 14, 2016.

*Defendants*

17.    At all relevant times, Defendants have owned, operated, or controlled an on-demand delivery company located at  440 Park Avenue South, 14th Floor, New York, NY 10016 under the name "Relay".

18.    Upon information and belief, the Defendant Corporation Relay Delivery, Inc. ("Relay") is a foreign business corporation organized and existing under the laws of the State of Delaware.

19.    Defendant Alex Blum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Blum is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Blum possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He has determined the wages and compensation of the employees of Defendants, including Plaintiffs, has established the schedules of the employees, has maintained employee records, and has had the authority to hire and fire employees.

20.    Defendant Michael Chevett is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chevett is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Chevett possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He has determined the wages and compensation of the employees of Defendants, including Plaintiffs, has established the schedules of the employees, has maintained employee records, and has had the authority to hire and fire employees.

- 4 -

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.    Defendants operate an on-demand delivery company located at 440 Park Avenue South 14th Floor, New York, New York 10016, under the name "Relay".

22.    The individual defendants, Alex Blum and Michael Chevett, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25.    Defendants have jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

27.    Upon information and belief, individual defendants Alex Blum and Michael Chevett  operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

29.    In each year from 2016 to the present, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that have been transported on a daily basis have been goods produced outside of the State of New York.

*Individual Plaintiffs*

31.     The Plaintiffs are former and current employees of the Defendants who have been primarily employed as delivery couriers.

32.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Eduardo Cruz*

33.     Plaintiff Cruz has been employed by Defendants from approximately August 20, 2016 until the present date.

34.     Defendants have employed Plaintiff Cruz as a delivery courier.

35.     Plaintiff Cruz regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Cruz's work duties have required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Cruz regularly has worked in excess of 40 hours per week.

38.     From approximately August 20, 2016 until the present date, Plaintiff Cruz has worked from approximately 10:30 a.m. until on or about 3:30 p.m. and from approximately 4:30 p.m. until on or about 9:30 p.m. Mondays through Fridays (typically 50 hours per week).

39.     From approximately August 20, 2016 until or about September 20, 2016, Defendants paid Plaintiff Cruz $6.00 per hour.

40.     From approximately September 21, 2016 until the present date, Defendants have paid Plaintiff Cruz $7.50 per hour.

41.     Throughout his employment with defendants, Plaintiff Cruz has been paid his wages by direct deposit every week.

42.     In addition, as a tipped employee, Plaintiff Cruz has not received all the tips he has been entitled to since approximately a 20% of his tips have been misappropriated by Defendants.

43.     From approximately August 20, 2016 until on or about March 2017, Defendants had no clocking system and did not keep any time records.

44.     However, from approximately March 2017 until on or about the present date, Defendants have started using a "reservation" system, wherein Plaintiffs have had to make a reservation in order to work shifts.

45.     Furthermore, Defendants have not provided Plaintiff Cruz with a statement of wages with each payment of wages, as required by NYLL 195(3).

46.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Cruz regarding overtime and wages under the FLSA and NYLL.

47.     In addition, Defendants required Plaintiff Cruz to sign a document that he did not understand.

48.     Defendants have not given any notice to Plaintiff Cruz, in English and in Spanish (Plaintiff Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49.     Defendants have required Plaintiff Cruz to purchase "tools of the trade" with his own funds- including a "Relay" bag for deliveries, tires for the bicycle, brakes, lights, a helmet, a lock, a chain and gloves.

*Plaintiff Rigoberto Sebastian*

50.      Plaintiff Sebastian was employed by Defendants from approximately January 18, 2016 until on or about September 14, 2016.

51.     Defendants employed Plaintiff Sebastian as a delivery courier.

- 8 -

52.     Plaintiff Sebastian regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

53.     Plaintiff Sebastian's work duties required neither discretion nor independent judgment.

54.     Throughout his employment with Defendants, Plaintiff Sebastian regularly worked in excess of 40 hours per week.

55.     From approximately January 18, 2016 until on or about September 14, 2016, Plaintiff Sebastian worked from approximately 9:00 a.m. until on or about 10:00 p.m. five or six days a week (typically 65 to 78 hours per week).

56.     Throughout the duration of his employment with Defendants, Plaintiff Sebastian was compensated at a rate of $6 per hour.

57.     Throughout his employment with Defendants, Plaintiff Sebastian was paid his wages by direct deposit once each week.

58.     In addition, as a tipped employee, Plaintiff Sebastian did not receive all the tips he was entitled to since approximately a 20% of his tips were misappropriated by Defendants.

59.     Defendants had no clocking system and did not keep any time records during the relevant time period.

60.     Furthermore, Defendants never provided Plaintiff Sebastian with a statement of wages with each payment of wages, as required by NYLL 195(3).

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sebastian regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not give any notice to Plaintiff Sebastian, in English and in Spanish (Plaintiff Sebastian's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

- 9 -

63.     Defendants required Plaintiff Sebastian to purchase "tools of the trade" with his own funds- including a "Relay" bag for deliveries, a bicycle, a helmet, lights for the bicycles, a vest, a lock and a chain.

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

65.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they are owed for the hours they have worked.

66.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

67.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly have harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice has included depriving delivery workers of a portion of the tips earned during the course of employment.

68.     Defendants unlawfully have misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

69.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

70.     Defendants have failed to inform Plaintiffs who have received tips that Defendants have intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.     Defendants have failed to inform Plaintiffs that their tips have been credited towards the payment of the minimum wage.

72.     Defendants have failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

73.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

74.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

77.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

78.     Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

81.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

82.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime compensation at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

83.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

84.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

85.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

87.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

88.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.     In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs, and the putative FLSA Class members, at the applicable minimum hourly rate.

90.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

91.     Plaintiffs, and the putative FLSA Class members, have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

92.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs , and the putative FLSA Class members, overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiffs, and the putative FLSA Class members, have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

96.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, have controlled their terms and conditions of employment, and have determined the rates and methods of any compensation in exchange for their employment.

- 14 -

98.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

99.     Defendants' failure to pay Plaintiffs the minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

101.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

- 15 -

107.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

108.    Plaintiffs have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS OF THE NEW YORK LABOR LAW)

109.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

110.    Defendants unlawfully and without permission from Plaintiffs have misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiffs.

111.    Defendants' action violates NYLL §196-d.

112.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

- 16 -

costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

116.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

117.    With each payment of wages, Defendants have failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any

deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order have been willful as to Plaintiffs;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

- 19 -

September 29, 2017

                           MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
          Michael Faillace [MF-8436]
          MICHAEL FAILLACE & ASSOCIATES, P.C.
          Michael A. Faillace [MF-8436]
          60 East 42nd Street, suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 26, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                    Eduardo Cruz Sapon

Legal Representative/ Representante        Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                    July 26, 2017

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 27, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                          Rigoberto Sebastian Rivera

Legal Representative/ Representante      Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:                        *Sebastian R.*

Date/ Fecha:                             July 27, 2017

*Certified as a minority-owned business in the State of New York*