# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 East 42nd St. Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
cmulholland@faillacelaw.com

August 23rd, 2018

**VIA ECF**

Hon. James L. Cott
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

　　　　　Re:　Cruz, et al. v. Relay Delivery, Inc. (d/b/a Relay), et al.,
　　　　　　　　Case 17-cv-7475 (JLC) &
　　　　　　　　Ventura, et al. v. Relay Delivery Inc. (d/b/a Relay), et al.,
　　　　　　　　Case No. 1:18-cv-0352 (JLC)

Dear Judge Cott:

　　　　This firm represents Plaintiffs in the above referenced matters and writes with Defendants to offer the attached settlement agreement for Court review and to request that the Court approve the settlement agreement reached by the parties herein as, *inter alia*, a "fair and reasonable" resolution of a bona fide dispute in accordance with the Fair Labor Standards Act, and to further request that the Court dismiss Plaintiffs' Complaints and Plaintiffs' claims in their entirety and with prejudice. The parties have agreed to a negotiated settlement after extensive settlement discussions and a settlement conference before Your Honor. We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) *cert. denied*, 136 S. Ct. 824 (U.S. 2016) and dismiss the case with prejudice.

　　　　Plaintiff has attached hereto the following exhibits:

　　　　Exhibit A – Fully Executed Settlement Agreement
　　　　Exhibit B – Damage Calculations
　　　　Exhibit C – Lodestar Calculation

　　　　Plaintiffs' counsel intends to collect one-third of the settlement amount after the cost of the complaints - $800 for the filing fee of two complaints – a total of $33,833.60 constituting $800 for costs and $33,033.60 in attorney fees after costs. **See Exhibit C** *Lodestar Calculation*. Pursuant to Section 4.D of the parties' proposed Settlement Agreement and Release, Defendants do not oppose Plaintiffs' application for attorneys' fees and/or costs, provided it does not increase the total Settlement Payment. Moreover, the application for attorneys' fees and/or costs

August 24, 2018
Page 2

is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement as a whole.

Plaintiffs have attached a damages chart ("Exhibit B") in order to provide the Court with further background.

## STATEMENT OF THE CASE

The Plaintiffs allege (while Defendants dispute), *inter alia*, that Plaintiffs were paid below the minimum wages required by law and without a proper premium for overtime payments in their work as delivery people for the Defendants' company Relay Delivery, Inc. ("Relay"). The Defendants maintain that the Plaintiffs were properly paid because Plaintiffs were independent contractors. Defendants also dispute the hours allegedly worked by the Plaintiffs in their Complaints. Further, Defendants maintain that the time, payment, and gratuity records produced in informal discovery showed that the Plaintiffs were compensated pursuant to their independent contractor arrangement for all hours logged in the app and received all gratuities collected.

However, discovery on these issues would have led to protracted and costly litigation involving the depositions of several, if not all, Plaintiffs and Defendants. As such, Defendants agreed to settle the matter for an amount that they felt was reasonable and could be absorbed by Relay before the extended use of resources and the uncertainty of trial.

Accordingly, the parties have agreed to settle these matters globally for a maximum total of $100,000.00 inclusive of attorneys' fees and costs to be paid in monthly installments over the course of 48 months to settle <u>all</u> claims and to dismiss with prejudice these matters.

## FAIRNESS

Plaintiffs are due to receive $66,166.40 after attorneys' fees and costs to be divided pro rata based on their back wages owed in their respective best case scenarios.

The agreed upon sum covers 81% of Plaintiffs' back wages, which were calculated to be $123,241.00 when using the Plaintiffs' best case scenario calculation.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* <u>Crabtree v. Volkert, Inc.</u>, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* <u>Le v. SITA Info. Networking Computing USA, Inc.</u>, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which

August 24, 2018
Page 3

'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiffs have been represented by experienced counsel throughout this lawsuit and have made an informed decision settle in the action at this stage of litigation without incurring the costs or encumbrance of lengthy litigation and trial.

The amount and terms of this agreement were reached during a hard-fought settlement conference before Your Honor and reflect a compromise of the risks and merits discussed at length with the litigants themselves with their attorneys before the Court.

The amount of the fund provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result by diligently pushing the case to trial. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is a trial lawyer with Michael Faillace & Associates. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera &

August 24, 2018
Page 4

>Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. At his second firm, he was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits.

>Since working for Mr. Faillace, Mr. Mulholland recently won a jury verdict in a FLSA suit for over $2.2 million dollars – a record for the firm. He bills at a rate of $350 per hour.

It is fair and reasonable for Plaintiffs' attorneys to receive one-third of the total settlement amount. While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar. See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

Judge Abrams recently opined that: "When using a "percentage of the fund" approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.' *Meza v. 317 Amsterdam Corp.,* No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). {…} Even accepting the hours and fees requested by Plaintiff's counsel as accurate and reasonable, the fee award requested here has a lodestar multiplier of 5.23. This multiplier is on the high end of those generally allowed in this Circuit, but it is not unheard of. *See Johnson v. Brennan,* No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); *see also Shapiro v. JPMorgan Chase & Co.,* No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed `common' by courts in this District."). Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." Pinzon v. Jony Food Corp., et al., No. 18-cv-105 (RA) S.D.N.Y. May 24th, 2018.

## CONCLUSION

All Plaintiffs have been represented by counsel throughout these lawsuits, and plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded. In full consideration of the issues presented in

August 24, 2018
Page 5

*Cheeks*, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and this matter dismissed with prejudice.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully Submitted,

/s/ Colin Mulholland, Esq.

cc:     Matthew Berger, Esq.*, Attorney for Defendants*