**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDUARDO CRUZ, RIGOBERTO SEBASTIAN, CARLOS REYES-HERRERA, JOSE ESPINDOLA, and DASSAET CORTES, *individually and on behalf of others similarly situated*,<br><br>                                 Plaintiffs,<br><br>      -against-<br><br>RELAY DELIVERY, INC. (d/b/a RELAY), ALEX BLUM, and MICHAEL CHEVETT,<br><br>                                 Defendants. | Civil Action No. 17-cv-07475 (JLC)<br><br>ECF Case |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HORWIN VENTURA, *individually and on behalf of others similarly situated*,<br><br>                                 Plaintiff,<br><br>      -against-<br><br>RELAY DELIVERY, INC. (D/B/A RELAY), ALEX BLUM, and MICHAEL CHEVETT,<br><br>                                 Defendants. | Civil Action No. 18-cv-03052 (JLC)<br><br>ECF Case |

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

       Plaintiffs Eduardo Cruz, Rigoberto Sebastian, Carlos Reyes-Herrera, Jose Espindola, and Dassaet Cortes from the matter styled *Eduardo Cruz, et al. v. Relay Delivery, Inc. et al.*, Civil Action No. 17-cv-07475 (JLC) (the "*Cruz* Matter"), and plaintiffs Horwin Ventura, Perez Tornado, and Victor Garcia from the matter styled *Horwin Ventura v. Relay Delivery, Inc., et al.*, Civil Action No. 18-cv-03052 (JLC) (the "*Ventura* Matter"), on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (collectively "Plaintiffs") and Defendants Relay Delivery, Inc. (hereinafter "Relay Delivery"), Alex Blum, and Michael Chevett (collectively "Defendants," and with Plaintiffs, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

       1.    **Preliminary Matters.** The plaintiffs in the *Cruz* Matter and the *Ventura* Matter have acknowledged and agreed that the two matters are related, and the Parties have settled both matters following a joint settlement conference session before the Court. Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Michael Faillace, Esq. and Colin Mulholland, Esq. of Michael Faillace & Associates, P.C. (hereinafter "Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain

-1-

advice with respect to the terms of this Agreement. The Parties participated in arms-length settlement negotiations (and a settlement conference) and Plaintiffs exchanged detailed damages calculations prior to reaching a final settlement amount. Prior to signing this Agreement, Plaintiffs have had the opportunity to consider his counsel's advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms, after it has been translated into Plaintiffs' primary language(s) (including but not limited to Spanish) by Plaintiffs' Counsel.

2. **No Admission of Liability**. The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the litigations styled *Eduardo Cruz, et al. v. Relay Delivery, Inc. et al.*, Civil Action No. 17-cv-07475 (JLC) and *Horwin Ventura v. Relay Delivery, Inc., et al.*, Civil Action No. 18-cv-03052 (JLC), filed in the United States District Court for the Southern District of New York (the "Pending Actions"), or which could have been raised in such suit, or which otherwise involve Plaintiffs' relationship with the Defendants and the termination of Plaintiffs' relationship with Defendants.

3. **Dismissal of Pending Actions**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Actions, including but not limited to any claims held by any opt-in Plaintiffs; (2) not to re-file the causes of action asserted in the Pending Actions or any other causes of action against Defendants that were encompassed or could have been encompassed or raised in the Pending Actions; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Actions, approval of this Agreement as fair and reasonable, and/or a full release of Plaintiffs' claims as specified herein. Plaintiffs will not be considered a prevailing party or parties.

4. **Consideration**.

A.    Relay Delivery agrees to pay Plaintiffs and their attorneys the maximum total sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), execute the Affidavit of Confession of Judgment attached as Exhibit A hereto, and for other good and valuable consideration as described below. Subject to the terms and conditions of this Agreement, the Settlement Payment shall be a full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, which shall be paid in installments, as contemplated and detailed under Section 7, by Relay Delivery through Plaintiffs' counsel as follows:

i.    Installment One: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as

-2-

Attorney for Plaintiffs," for immediate deposit within (90) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ii.    Installment Two: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (120) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

iii.    Installment Three: TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (150) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

iv.    Installment Four: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (180) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

v.    Installment Five: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (210) days Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

60212164
60212164

vi.   Installment Six: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (240) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

vii.  Installment Seven: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (270) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

viii. Installment Eight: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (300) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ix.   Installment Nine: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (330) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

x.    Installment Ten: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (360) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice,

delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xi.     Installment Eleven: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (390) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xii.    Installment Twelve: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (420) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiii.   Installment Thirteen: A Bank wire in the amount TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (450) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiv.    Installment Fourteen: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (480) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xv.     Installment Fifteen A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS

60212164
60212164

($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (510) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xvi. Installment Sixteen: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (540) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xvii. Installment Seventeen: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (570) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xviii. Installment Eighteen: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (600) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xix. Installment Nineteen: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (630) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share,

60212164
60212164

counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xx.    Installment Twenty: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (660) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxi.   Installment Twenty One: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (690) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxii.  Installment Twenty Two: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (720) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxiii. Installment Twenty Three: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (750) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxiv.  Installment Twenty Four: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace &

60212164
60212164

Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (780) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxv.    Installment Twenty Five: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (810) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxvi.   Installment Twenty Six: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (840) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxvii.  Installment Twenty Seven: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (870) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxviii. Installment Twenty Eight: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (900) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

60212164
60212164

xxix.  Installment Twenty Nine: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (930) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxx.  Installment Thirty: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (960) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxi.  Installment Thirty One: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (990) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxii.  Installment Thirty Two: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,020) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxiii.  Installment Thirty Three: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,050) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending

60212164
60212164

Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxiv.   Installment Thirty Four: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,080) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxv.   Installment Thirty Five: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,110) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxvi.   Installment Thirty Six: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,140) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxvii.   Installment Thirty Seven: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,170) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxviii.   Installment Thirty Eight: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS

-10-

($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,200) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xxxix.   Installment Thirty Nine: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,230) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xl.   Installment Forty: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,260) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xli.   Installment Forty One: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,290) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xlii.   Installment Forty Two: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,320) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share,

-11-

counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xliii.    Installment Forty Three: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,350) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xliv.    Installment Forty Four: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,380) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xlv.    Installment Forty Five: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,410) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xlvi.    Installment Forty Six: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,440) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xlvii.    Installment Forty Seven: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND THIRTY-THREE CENTS ($2,083.33) made payable to "Michael Faillace & Associates, P.C., as

Attorney for Plaintiffs," for immediate deposit within (1,470) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xlviii.   Installment Forty Eight: A Bank wire in the amount of TWO THOUSAND AND EIGHTY-THREE DOLLARS AND FORTY-NINE CENTS ($2,083.49) made payable to "Michael Faillace & Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within (1,500) days after Court approval of this Agreement as a fair and reasonable resolution and its full and final dismissal of the Pending Actions with prejudice, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

B.      The executed Affidavit of Confession of Judgment shall be held in escrow and may only be filed by Plaintiffs' counsel, Michael Faillace, Esq., upon Defendants' default on any payment under the terms of the Agreement, and failure to cure such default within fourteen (14) days after notice of default is transmitted to Defendants by email and certified mail to: Defendants' counsel at Fox Rothschild LLP, c/o Carolyn D. Richmond, Esq., 101 Park Avenue, 17th Floor, New York, NY 10178.

C.      Plaintiffs' counsel will notify Defendants' counsel that newly executed Confessions of Judgment are required at least ninety (90) days before June 1, 2021, and Defendants commit to provide newly executed Confessions of Judgments on or before June 1, 2021 to Plaintiff's counsel at Michael A. Faillace & Associates 60 East 42nd Street, Suite 4510, New York, NY 10165. However, Defendants shall have a thirty (30) day grace period after June 1, 2021 to provide such newly executed Confessions of Judgment. Failure to provide newly executed Confessions of Judgment within the thirty (30) day grace period shall constitute a material breach of this agreement entitling the Plaintiffs to file the prior Confessions of Judgment without further notice to the Defendants.

D.      The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties and liquidated damages. The Parties agree that Plaintiffs' Counsel may petition the Court for approval of attorneys' fees and costs. If approved by the Court, these fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Actions. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Actions.

-13-

     E.     Plaintiffs agree that they have no entitlement to any fees, expenses, wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants (as defined below), except as specifically provided in this Settlement Agreement.

5.     **Mutual Releases**

     A.     **General Release by Plaintiffs.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Defendants, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the date Plaintiffs execute this Agreement, including but not limited to: (i) claims arising directly or indirectly from Plaintiffs' association, employment, and/or engagement with any of the Defendants, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the actions or inaction of Defendants; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Industry Wage Order, New York Wage Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the New York Corrections Law, the New York State Human Rights Law, the New York City Human Rights Law, the New York City Earned Sick Time Act, the New York City Fair Chance Act, the New York City Predictive Scheduling Law, each as amended, or any other federal, state, and/or local law; (iv) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiffs' employment with any of the Defendants and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of

-14-

good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Actions. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over, *inter alia*, a provision of the Fair Labor Standards Act and/or for time worked.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action.

**B.      General Release by Defendants.** Defendants agree to, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiffs from all actions, causes of action, suits, claims and demands of any kind whatsoever, at law or in equity direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Plaintiffs, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the date Plaintiffs execute this Agreement, including but not limited to: (i) claims arising directly or indirectly from Plaintiffs' association, employment, and/or engagement with any of the Defendants, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the actions or inaction of Plaintiffs; (iii) claims under any federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders; (iv) claims for penalties, damages, liquidated damages and attorneys' fees related to claims under federal, state and/or local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Plaintiffs and it does not release or discharge any claims that may occur after that date.

Nothing in this Agreement shall infringe on Defendants' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties.

6.      **Plaintiffs' Responsibility for Taxes.** Plaintiffs assume full responsibility for their respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any

federal, state, or municipal laws of any kind, with respect to the monies paid by Relay Delivery to Plaintiffs and/or Plaintiffs' Counsel pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff or Plaintiffs' Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to indemnify and hold Defendants harmless for any such liability.

7.      **Payment.**

A.      In consideration of the promises of Plaintiffs set forth herein, Relay Delivery shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims that Plaintiffs have or may have against Defendants, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be due and payable in forty-eight (48) monthly installments as set forth in Section 4, commencing ninety (90) days after the Court both approves this Agreement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016), and fully and finally dismisses the Pending Actions with prejudice.

B.      To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit Relay Delivery's right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

C.      In no event shall any settlement payment under Sections 4 and 7 of this Agreement be due until the Court fully and finally dismisses the Pending Actions and this Agreement has been approved as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act. Moreover, in no event shall any settlement payment under Sections 4 and 7 of this Agreement be due or payable if any Plaintiff revokes this Agreement pursuant to Section 19. The Parties agree that Plaintiffs shall submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act and in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016). Defendants shall be allowed to first review and comment on Plaintiffs' approval application prior to its submission to the Court, as well as submit its own submission if appropriate.

D.      The Parties agree that the individual settlement payments made to the Plaintiffs (excluding any approved attorneys' fees and costs) will be in consideration for time worked, liquidated damages, penalties, and interest subject to 1099 reporting and shall be made without any tax withholdings and shall be reflected on a Form 1099. Payments of any approved attorneys' fees and costs pursuant to this Agreement shall be made without any withholdings and

-16-

Plaintiffs' Counsel and Plaintiffs will receive Forms 1099 for this payment. To the extent additional tax documentation is required in order to lawfully make payment to any Plaintiff, Relay Delivery shall request from Plaintiffs' Counsel, and that Plaintiff or those Plaintiffs shall provide, valid tax documents allowing Relay Delivery to lawfully make the individual Settlement Payment(s) to him, her, or them, including but not limited to IRS Forms W-4 and W-9. If necessary for Defendants' tax purposes, Plaintiffs will provide current tax documents to Defendants if different than those previously provided by Plaintiffs.

8.     **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York, or the New York State Supreme Court, New York County. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise affect this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5(A), in which case all monies paid hereunder must be returned to Relay Delivery if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9.     **Reemployment/Reengagement of Plaintiffs.** The Plaintiffs knowingly and voluntarily agree to relinquish and hereby do relinquish any and all rights Plaintiffs may have to either directly or indirectly: (i) be employed/engaged by, (ii) be assigned to, (iii) work for, (iv) seek employment/engagement with or apply to, (v) accept employment/engagement with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) Defendants.    The Plaintiffs agree that Plaintiffs will not seek, apply for, or accept any employment, engagement, or assignment to which Plaintiffs have relinquished any rights, and that in the event they inadvertently seek, apply for, or accept any employment, engagement, or assignment to which Plaintiffs have relinquished any rights they will immediately withdraw, forego, leave and/or voluntarily terminate such inquiry, application, employment and/or assignment. Defendants may also immediately terminate any employment, engagement, or assignment to which the Plaintiffs have relinquished any rights at any time. The Plaintiffs agree and understand that this provision is intended to protect the Defendants from allegations of retaliation.

10.     **Communications with the Media.** Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree that they will not issue, send or post, or cause to be issued, sent or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, Snapchat, Instagram, LinkedIn, SMS, WhatsApp and Twitter (collectively, the "Media") regarding the Pending Actions, the Parties' settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same. If contacted by any member of the Media or any other individuals through any of the Media, Plaintiffs and/or

-17-

Plaintiffs' Counsel will simply state that the Pending Actions has been resolved to the satisfaction of the parties. Notwithstanding the terms of this paragraph, the Parties shall be free to make whatever disclosures they deem appropriate to their attorneys and financial and tax advisors, as well as, in Defendants' case, to its members, officers, shareholders, directors, and/or other relevant stake holders as well as their attorneys and financial and tax advisors. Nothing herein shall prevent Plaintiffs' Counsel, Plaintiffs, Defendants' Counsel, and/or Defendants from discussing their experiences in this case with third-parties other than the Media.

11.     **Status of Settlement If Cases Are Not Ultimately Dismissed**. In the event the Court fails to dismiss the Pending Actions with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed and Defendants will use best efforts to restore this action to the trial calendar in the Southern District of New York, or failing the SDNY, a lawful state court venue, and hereby stipulate that the Statute of Limitations for all claims brought in these actions have been constructively tolled from the date these two lawsuits were respectively filed until these action have been successfully reinstituted.

12.     **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13.     **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.   This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14.     **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15.     **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs and others taking from them; provided, however, that no party may delegate or avoid any of its liabilities, obligations or responsibilities under this Agreement.

60212164
60212164

16.    **Execution In Counterpart and Facsimile Signatures.**   This Agreement may be executed in counterpart by each party or their duly authorized officer, representative, or attorney and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted electronically, by facsimile, or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page electronically, by facsimile or email.

17.    **Knowing and Voluntary Release of Claims.**   Plaintiffs acknowledge that:

A.    Plaintiffs have carefully read this Settlement Agreement and they fully understand its meaning;

B.    Plaintiffs have been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of 21 days within which to consider this agreement and release, and therefore Plaintiffs acknowledge that they have 21 days from the date of receiving this Settlement Agreement, which contains a release of ADEA claims, to return the signed Settlement Agreement and release. Plaintiffs acknowledge that they may execute and return this agreement and release earlier if they so decide, and that by executing and returning this agreement and release during the 21 day period, they will waive any right to consider the agreement and release for the 21 day period. Plaintiffs acknowledge that they have been further advised that they may consult with an attorney or other adviser of their choosing prior to making the decision to execute and return this Settlement Agreement.

C.    Defendants hereby advise Plaintiffs in writing that Plaintiffs should consult with an attorney before signing the Settlement Agreement, and Plaintiffs acknowledge that they have in fact consulted with an attorney regarding this Agreement.

D.    Plaintiffs are signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

E.    Everything Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Employee to sign it.

18.    **Revocation.**   Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it. Plaintiffs understand that in the event that any Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore Relay Delivery will be under no obligation to make the payments set forth in Sections 4 and 7. In order to revoke this Agreement, the Plaintiff wishing to do so must sign and send a written notice of the decision to do so, addressed to Fox Rothschild LLP (Attn: Carolyn D. Richmond), 101 Park Avenue, Suite 1700, New York, New York 10178, and the written notice must be received by Defendants no later than the eighth day after Plaintiff signed this Agreement. Plaintiffs further understand that this Settlement Agreement shall not be effective or enforceable until the day after the seven (7) day revocation period has expired and provided that no Plaintiff exercises his or her right to revoke this Settlement Agreement.

60212164
60212164

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

By signing below, Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms, after it has been translated into their primary language(s) (including but not limited to Spanish) by Plaintiffs' Counsel.

Al firmar a continuación, los Demandantes entran este Acuerdo de forma voluntaria y con pleno conocimiento de sus términos, después de que el Abogado de los Demandantes lo haya traducido a su idioma principal(s) (incluidos, entre otros, Español).

**PLAINTIFFS:**

EDUARDO CRUZ

Date: 9 / 16 _____, 2018

RIGOBERTO SEBASTIAN

Date: 8-20- _____, 2018

CARLOS REYES-HERRERA

Date: 8 / 16 _____, 2018

JOSE ESPINDOLA

Date: 8 / 16 _____, 2018

DASSAET CORTES

Date: 8 / 16 / _____, 2018

HORWIN VENTURA

Date: 8 / 16 / _____, 2018

PEREZ TORNADO

Date: 8 / 16 _____, 2018

VICTOR GARCIA

Date: 8 / 17 _____, 2018

**DEFENDANTS:**

By: _____

RELAY DELIVERY, INC.

Date: _____, 2018

-20-

60212164
60212164

_____          Date: _____, 2018
**ALEX BLUM**

_____          Date: _____, 2018
**MICHAEL CHEVETT**

60212164
60212164

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

**By signing below, Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms, after it has been translated into their primary language(s) (including but not limited to Spanish) by Plaintiffs' Counsel.**

**Al firmar a continuación, los Demandantes entran este Acuerdo de forma voluntaria y con pleno conocimiento de sus términos, después de que el Abogado de los Demandantes lo haya traducido a su idioma principal(s) (incluidos, entre otros, Español).**

## PLAINTIFFS:

_____
**EDUARDO CRUZ**

Date: _____, 2018

_____
**RIGOBERTO SEBASTIAN**

Date: _____, 2018

_____
**CARLOS REYES-HERRERA**

Date: _____, 2018

_____
**JOSE ESPINDOLA**

Date: _____, 2018

_____
**DASSAET CORTES**

Date: _____, 2018

_____
**HORWIN VENTURA**

Date: _____, 2018

_____
**PEREZ TORNADO**

Date: _____, 2018

_____
**VICTOR GARCIA**

Date: _____, 2018

By: _____
**RELAY DELIVERY, INC.**

## DEFENDANTS:

Date: 8 | 22 , 2018

-20-

60212164
60212164

**ALEX BLUM**

Date: 8 / 22 , 2018

**MICHAEL CHEVETT**

Date: 08 / 22 , 2018

-21-