```
                                                        USDC SDNY
                                                        DOCUMENT
UNITED STATES DISTRICT COURT                            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                           DOC #: _____
-------------------------------------------------------------X  DATE FILED: 09/04/2018
                                                    :
EDUARDO CRUZ, *et al.*,                             :
                                                    :   **ORDER**
                            Plaintiffs,             :
                                                    :
            -v-                                     :   17-CV-7475 (JLC)
                                                    :
RELAY DELIVERY, INC., *et al.*,                     :
                                                    :
                            Defendants.             :
-------------------------------------------------------------X
                                                    :
HORWIN VENTURA, *et al.*,                           :
                                                    :
                            Plaintiffs,             :
                                                    :
            -v-                                     :   18-CV-3052 (JLC)
                                                    :
RELAY DELIVERY, INC., *et al.*,                     :
                                                    :
                            Defendants.             :
-------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

The parties in these related wage-and-hour cases have consented to my jurisdiction under 28 U.S.C. § 636(c) for all purposes. They have now submitted a joint letter motion (Dkt. No. 52) along with their proposed settlement agreement (Dkt. No. 52-1) for my review and approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).[1] Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a

---

[1] Citations to "Dkt. No." refer to docket entries in case number 17-CV-7475.

payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *see also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter motion and the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)), with the following two exceptions:

1.     **Reemployment/Reengagement of Plaintiffs**: Section 9 of the settlement agreement prohibits plaintiffs from seeking future employment with defendants "in any capacity," including, but not limited to, "as an employee, independent contractor, consultant or temporary employee" (Dkt. No. 52-1 at 17).  Provisions that require plaintiffs to waive future employment with defendants are "highly restrictive provision[s] in 'strong tension with the remedial purposes of the FLSA.'" *Baikin v. Leader Sheet Metal, Inc.*, No. 16-CV-8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (quoting *Cheeks*, 796 F.3d at 206)).  As a result, "[c]ourts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Burgos v. Ne. Logistics, Inc.*, No. 15-CV-6840 (CBA) (CLP), 2018 WL 2376481, at *7 (E.D.N.Y. Apr. 26, 2018) (collecting cases), *adopted by*, 2018 WL 2376300 (E.D.N.Y. May 24, 2018).  Moreover, the parties herein "offer not a shred of

explanation—and cite no cases—to justify inclusion of" this provision. *Nieto v. Izzo Constr. Corp.*, No. 15-CV-6958 (RML), 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (denying motion for approval of settlement agreement containing, *inter alia*, a "no-reemployment/no-rehire clause"). Thus, the Court will not approve this provision. Any re-submitted settlement agreement should not include a "no re-employment/no re-hire" provision such as the one contained in Section 9.

   2. **Communications with the Media**: Section 10 of the settlement agreement prohibits any party (as well as the party's counsel) from issuing, sending, or posting any "verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, Snapchat, Instagram, LinkedIn, SMS, WhatsApp and Twitter (collectively, the 'Media')" regarding the above-captioned cases and the settlement agreement (Dkt. No. 52-1 at 17). If contacted by any member of the Media, the parties are required to state that these cases have been "resolved to the satisfaction of the parties" (*id.* at 18). However, the parties are not prohibited "from discussing their experiences in this case with third-parties other than the Media" (*id.*). In general, "[p]rovisions that prohibit a party from contacting the media can 'prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others) who can then use that information to vindicate their statutory rights.'" *Garcia v. Good for Life by 81, Inc.*, No. 17-CV-07228 (BCM), 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018) (quoting *Amaro v. Barbuto, LLC*, No. 16-CV-1581 (AJN), 2017 WL 476730, at *3 (S.D.N.Y. Feb. 2, 2017)). However, because Section 10 "imposes equal obligations on both [p]laintiff and [d]efendants, and because it applies only to communications with the media, it is narrower than many of the confidentiality provisions that courts in this District have struck down." *Chung v. Brooke's Homecare LLC*, No. 17-CV-2534 (AJN), 2018 WL 2186413, at *2 (S.D.N.Y. May 11, 2018) (noting that "[t]o the extent that

courts in this District have considered similar provisions, they have taken different approaches"). Nonetheless, the Court is concerned that Section 10 is too broadly worded because the term "Media" includes digital media, blogs, and social networking sites. *See, e.g.*, *id.* (provision "characterizing social networking sites and blogs as media . . . sweeps a great deal of communications within its ambit" and is "too broad" to be approved). Moreover, the parties "have presented no argument that the provision is necessary." *Id.* (citations omitted). As such, the Court will not approve an agreement containing this provision as written.

Accordingly, the parties' application to approve the settlement agreement is denied without prejudice to renewal.[2] By **September 18, 2018**, the parties are to provide a revised settlement agreement that addresses the foregoing issues or otherwise advise the Court as to whether they intend to proceed with the litigation.

Assuming they revise their agreement, the parties are also directed to submit a stipulation of dismissal with prejudice and file it on the docket by **September 18, 2018**.

**SO ORDERED.**

Dated: New York, New York
       September 4, 2018

                                          _____
                                          JAMES L. COTT
                                          United States Magistrate Judge

---

[2] As the settlement agreement contains no severability provision, the Court cannot simply strike these provisions and otherwise approve the proposed settlement (as the Court did in *Chung*).